759 A.2d 850

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v.
TALEX HARDY, DEFENDANT–RESPONDENT.

May 1, 2000.

This matter having come before the Court on a grant of the State's petition for certification and, notwithstanding the pendency of the within appeal, defendant having entered into a plea agreement and having been resentenced by the trial court pursuant to a remand directed by the Appellate Division in its opinion,

And the trial court having thereafter vacated defendant's plea and sentence because jurisdiction over the matter lay with the Court under *Rule* 2:9–1(a),

And the Court, after reviewing the record and considering the arguments of counsel, having determined that despite the meritorious question raised in the petition—that not every admission of hearsay evidence in violation of *State v. Bankston,* 63 *N.J.* 263, 307 A.2d 65 (1973), should be considered reversible error—it would be fundamentally unfair now to set aside defendant's voluntary plea;

IT IS ORDERED that the Court's Order, 162 *N.J.* 131, 741 A.2d 98, of September 22, 1999, granting certification is vacated as improvidently granted, *nunc pro tunc;* and it is further

ORDERED that defendant's plea of October 19, 1999, and the trial court's sentence of November 11, 1999, are reinstated, subject to a review of the merits of sentence in the appeal now pending in the Appellate Division.

Jurisdiction is not retained.